## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRCT OF OKLAHOMA

| | |
|---|---|
| (1) FIRST CHRISTIAN CHURCH OF MIAMI, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, | |
| Vs | |
| (1) ARGONAUT GREAT CENTRAL INSURANCE COMPANY, | |
| Defendants. | |

Case No.

## COMPLAINT

**COMES NOW** the Plaintiff, First Christian Church of Miami, and for its cause of action against the above named individuals, hereby alleges and states the following:

This case was previously filed on February 19, 2010 in the District Court of Ottawa County, Oklahoma and removed to this Court on January 20th 2011. At time of removal the Plaintiff was repairing the roof before the inclement weather, and was unable to meet the demands of the scheduling order as established by this court. The Plaintiff moved to dismiss the complaint without prejudice. An order was issued by this court on the 6th day of May 2011 granting the motion to dismiss without prejudice.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

1. That the First Christian Church is a congregation located in the city of Miami, Ottawa County, Oklahoma.

2. That the Defendant is an insurance company doing business as Great Central Insurance Company (hereafter "Great Central").

3. That Defendant, Great Central, has authority to transact business in the state of Oklahoma, and is incorporated in the State of Illinois.

4. That the Real parties to this action are the Plaintiff, an Oklahoma church/corporation, and Defendant Great Central, an Illinois insurance corporation. Therefore this court has original jurisdiction based on diversity of citizenship under 28 U.S.C. §1332

5. That prior to January 12, 2007, Defendant Great Central issued a comprehensive commercial general insurance policy, a copy of which is attached as Exhibit A, to Plaintiff covering Plaintiff's church located at 2424 North Main Street, Miami, Oklahoma.

6. On or about January 12, 2007, while the policy was in full force and effect, Plaintiff's church was damaged by an ice storm.

7. Shortly thereafter, Plaintiff filed a proof of loss statement that itemized Plaintiff's total losses as was known to the Plaintiff.

8. Although recognizing the loss as a covered loss, and issuing money for some of the damages claimed, the Defendant Great Central unreasonably and without justification, refused and continues to refuse to issue payment for covered damages.

9. Defendant Ford Engineering inspected the property at issue on behalf of Defendant Great Central. In its report regarding the inspection, the Defendant made several statements that are not supported by facts or evidence. Defendant Ford Engineering and Defendant Great Central engaged in a knowing conspiracy to deny benefits to the Plaintiff. This

action was taken in bad faith and in violation of the contract between the Plaintiff and Defendant Great Central.

10. Defendant has breached its contract with the Plaintiff by denying full coverage under the insurance policy and refusing to pay the amount due under the policy despite Plaintiff's demand for payment.

11. That Defendant paid only $34,312.82 on a claim in excess of $750,000.00.

12. Plaintiff has performed all conditions precedent to recover under the insurance policy and has not excused Defendant's breach.

13. As a result of Defendant's breach of the contract, Plaintiff has sustained damages in the excess of $750,000.00.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants Great Central and Ford Engineering in excess of $750,000.00 for Breach of Contract, and all other costs the Court deems just and proper.

## SECOND CAUSE OF ACTION

### BAD FAITH

14. Plaintiff hereby incorporates paragraphs 1 through 9 of its First Cause of Action herein.

15. Defendant Great Central's agreement to pay for some of the Defendant's claim but not all of it, even though the damage resulted from the same

storm, was unreasonable under the circumstances, and the Defendant thereby violated its duty of good faith and fair dealing with Plaintiff.

16. As a result of Defendant's refusal to pay the Plaintiff's claim, Plaintiff has had to and continues to pay attorney fees and has experienced the continued destruction of its church building from damages sustained that the Defendant will not pay to repair.

17. Plaintiff has attempted to mitigate its damages by making repairs with the limited resources of the congregation.

**WHEREFORE**, Plaintiff prays for judgment in excess of $750,000.00 for Defendant's breach of its duty of good faith and fair dealing, along with punitive damages in excess of $10,000.00, interest, costs and reasonable attorney fees associated with the prosecution of this matter.

Respectfully submitted,

/s/BRANDON D. WATKINS
Brandon D. Watkins, OBA#18868
1305 South Main Street
Grove, Oklahoma 74344
(918) 787-2060
(918) 791-3191 (fax)
Attorney for Plaintiff